UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**BLAKE WINGATE**,

                Petitioner,

    -against-

**STATE OF NEW YORK**,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-3547 (AMD)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* petitioner, currently incarcerated at Auburn Correctional Facility, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (ECF No. 1.) He challenges his conviction for robbery and assault in Queens County (Case No. 186-2014). (*Id.*) I grant the petitioner's request to proceed *in forma pauperis*. (ECF No. 2.) However, I dismiss the petition without prejudice because it is premature.

## DISCUSSION

Under Section 2254, federal courts are granted jurisdiction to entertain habeas petitions from persons who are "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute requires petitioners to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.").

---

[1] The petition was filed in the Northern District of New York on August 4, 2020, and was transferred to this Court on August 6, 2020. (ECF No. 3.)

On June 17, 2020, the Appellate Division affirmed the petitioner's conviction as modified. *People v. Wingate*, 184 A.D.3d 738 (2d Dep't 2020). However, the petitioner requested leave to appeal to the New York Court of Appeals on July 1, 2020. (ECF No. 1 at 2-3; ECF No. 1-1 at 79-80.) Because the petitioner's state court appeal is pending, this petition is premature. *See, e.g., Walker v. Keiser*, No. 18-CV-7227, 2020 WL 2733987, at *4 (E.D.N.Y. May 26, 2020) (The petitioner "acknowledged that his criminal appeal was still pending . . . Without evidence that any state remedies would be futile, it was premature for [the petitioner] to pursue a petition for habeas relief in this Court."); *Booker v. Superintendent, Shawangunk Corr. Facility*, No. 19-CV-3758, 2020 WL 1244645, at *2 (E.D.N.Y. Mar. 16, 2020) ("Because Petitioner's criminal appeal is still pending, as he has not exhausted his available state court remedies, his Petition is therefore premature."). The petitioner may file a new action after he has exhausted all state court remedies.[2]

## CONCLUSION

The petition for a writ of habeas corpus is dismissed without prejudice. A certificate of appealability will not be issued because the petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith, and *in forma pauperis* status is denied

---

[2] An application for a writ of habeas corpus by a person in custody pursuant to a judgment of a state court is subject to a one-year limitation period. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                                           s/Ann M. Donnelly
                                                                          ANN M. DONNELLY
                                                                          United States District Judge

Dated: Brooklyn, New York
       August 21, 2020